UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

CARPENTERS' DISTRICT COUNCIL )
OF GREATER ST. LOUIS AND )
VICINITY, et al., )
                                                    )
      Plaintiffs, )
                                                    )
      vs. )           Case No. 4:08CV215 MLM
                                                      )
J & J CARPENTER CONTRACTORS, )
LLC, )
                                                    )
      Defendants. )

## MEMORANDUM OPINION

Before the court is the Amended Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil filed by Plaintiffs. Doc. 37. Defendant J&J Carpenter Contractors, LLC, ("Defendant") has been served and has not filed a Response. J & J Carpentry, LLC ("J&J Carpentry") has been provided notice and has not responded.[1]

## BACKGROUND

Defendant was a Missouri corporation which performed construction services. Jeff Allen was its owner. On May 19, 2008, this court entered Default Judgment against Defendant in the amount of $151,568.46 for delinquent contributions, liquidated damages, interest, attorneys' fees, and costs owed to Plaintiffs under collective bargaining agreements and pursuant to ERISA, 29 U.S.C. § 1132. Doc. 11. On June 9, 2008, this court issued a Writ of Garnishment upon the assets of Defendant by serving Garnishee UMB Bank. On July 22, 2008, $11,609.94 was received from Garnishee UMB Bank for garnishments on behalf of Defendant. Defendant went out of business on

---

[1] See Amended Motion, Certificate of Service, Doc. 37.

July 31, 2008. On October 6, 2008, the court issued a second Writ of Garnishment upon the assets of Defendant by serving Garnishee UMB Bank. On November 7, 2008, Garnishee UMB Bank responded to Garnishment Interrogatories and stated that Defendant closed its account with UMB Bank on August 7, 2008.

On January 9, 2007, Misty Allen, wife of Jeff Allen, organized J & J Carpentry. Before the formation of J&J Carpentry, Jeff Allen sometimes referred to Defendant as J&J Carpentry. Both Defendant and J&J Carpentry engage in the same business activity and have employed some of the same persons. Jeff Allen considers himself an employee of J&J Carpentry, has made collection efforts on behalf of J&J Carpentry, and has donated tools to J&J Carpentry. J&J Carpentry operates at the same address, uses the same bank and accountant, and has performed work for some of the same customers as Defendant. Plaintiffs contend, therefore, the court should pierce the corporate veil to enable Plaintiffs to recover the remaining portion of the Judgment against Defendant from J&J Carpentry.

## LEGAL FRAMEWORK and DISCUSSION

In Mobius Management Systems, Inc. v. West Physician Search, LLC, 175 S.W.3d 186, 188-89 (Mo. Ct. App. 2005), the court set forth Missouri law applicable to piercing the corporate veil to enable a plaintiff to collect a judgment. The court in Mobius held:

> In order to "pierce the corporate veil," the plaintiff must first show *control*-not mere majority or stock control, but complete domination, not only of finances, but of policy and business practice with respect to the transaction, such that the corporate entity had no separate mind, will or existence of its own. [66, Inc. v. Crestwood Commons Redevelopment Corp., 998 S.W.2d 32, 40 (Mo.1999) (en banc)]. In other words, the plaintiff must show that the corporation is the *alter ego* of the defendant. Id. at 41. When a corporation is so dominated by a person as to be a mere instrument of that person, and indistinct from the person controlling it, the court will disregard the corporate form if its retention would result in injustice. Saidawi v. Giovanni's Little Place, Inc., 987 S.W.2d 501, 504-05 (Mo. App. E.D.1999).
>
> ...

Second, the plaintiff must show a breach of duty-that this control was used by the corporation to commit fraud or wrong, *to perpetrate the violation of* a statutory or other *positive legal duty*, or to commit a dishonest and unjust act in contravention of the plaintiff's legal rights. 66, Inc., 998 S.W.2d at 40. It is not necessary, however, to show actual fraud. Id. at 41. In some situations, the corporate veil may be pierced when a corporation is undercapitalized, or when its *assets are stripped to avoid creditors*. Id.; Sunbelt Envtl. Services, Inc. v. Rieder's Jiffy Mkt., Inc., 138 S.W.3d 130, 135 (Mo. App. S.D.2004). ...

...

Finally, the plaintiff must show that the control and breach of duty *proximately caused* the injury or unjust *loss*. Id. at 40.

Mobius, 175 S.W.3d at 188-89 (emphasis added).

The Missouri Supreme Court in 66, Inc., 998 S.W.2d at 40, found that the three elements required to pierce the corporate veil were present: control, breach of the duty, and proximate cause. See Mobius, 175 S.W.2d at 189. In particular, the court in 66, Inc., 998 S.W.2d at 40, found that the pierced corporation was used to avoid the defendant's debts; that the plaintiff was unable to collect on a judgment against the defendant; that the defendant used its control over the pierced corporation to avoid satisfying its obligations to the plaintiff; that the defendant's conduct evidenced a wrongful purpose; and that, therefore, the corporate veil should be pierced. See Mobius, 175 S.W.2d at 189.

Likewise, in the matter under consideration, Plaintiff has suffered an injury because the judgment against Defendant has not been paid in full; this injury was proximately caused by Defendant's conduct; Defendant has ostensibly has used its control over J&J Carpentry to avoid satisfying its obligations to Plaintiff; and Defendant and J&J Carpentry's conduct have evidenced a wrongful purpose. Moreover, Defendant's conduct reflects that it has attempted to strip itself of assets to avoid paying Plaintiffs. By receiving tools from Defendant and by operating at the same address, using the same bank and accountant, performing work for some of the same customers, and using some of the same employees as Defendant, J&J Carpentry has demonstrated that it is the alter

3

ego of Defendant. As such, the court finds that the corporate veil should be pierced to enable Plaintiffs to collect the judgment against Defendant from J&J Carpentry. See Mobius, 175 S.W.2d at 188-89; 66, Inc., 998 S.W.2d at 40.

A federal court "'has the same authority to aid judgment creditors in supplementary proceedings as that which is provided to state courts under local law.'" H.H. Robertson Co. v. V.S. DiCarlo General, 994 F.2d 476, 477 (8th Cir. 1993) (quoting United States ex rel. Goldman v. Meredith, 596 F.2d 1353, 1357 (8th Cir. 1979) (citing Goldman v. Merrill Lynch, Pierce, Fenner & Smith, 444 U.S. 838 (1979)). Missouri law recognize the availability of the creditor's bill in equity. Id. (citing Shockley v. Harry Sander Realty Co., 771 S.W.2d 922, 925 (Mo. Ct. App.1989)). "[T]he creditor's bill enables a judgment creditor to 'trace the value of the goods and services rendered to an empty-shell corporation to the parties behind such a corporation who have received and benefitted from the property or services.'" Id. (quoting Shockley, 771 S.W.2d at 925). Creditor's bill garnishees need not be named as parties in the original action. Id. at 478 (citing Shockley, 771 S.W.2d at 925). Indeed, the empty-shell corporation must have received sufficient notice of the enforcement of the judgment through the creditor's bill in equity. Id. Notice is sufficient where the shell corporation is named as a garnishee under the creditor's bill and is served with a garnishee's summons. Id.

In the matter under consideration, Plaintiffs have provided J&J Carpentry with notice of the pending motion. See id. See also Shockley v. Hary Sander Realty Co., Inc., 771 S.W.2d 922, (Mo. Ct. App. 1989). A judgment has been obtained and garnishment and execution were sought against Defendant, the debtor, to no avail, other than the funds received from UMB Bank. Further, the numerous similarities between Defendant and J&J Carpentry establish that Defendant has used J&J Carpentry was to avoid payment of Defendant's debts. See H.H. Robertson, 994 F.2d at 477. The

4

court finds, therefore, that Plaintiffs are entitled to a creditor's bill in order to satisfy the judgment against Defendant from the assets of J&J Carpentry.

## CONCLUSION

For the reasons set forth above, the court finds that the Motion For a Creditor's Bill and to Pierce the Corporate Veil filed by Plaintiffs should be granted.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent Plaintiffs have moved to Amend the Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil, the motion is **GRANTED.** Doc. 37.

**IT IS FURTHER ORDERED** that the Amended Motion for a Creditor's Bill in Equity and to Pierce the Corporate Veil filed by Plaintiffs is **GRANTED**; Doc. 37

RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 29th day of April, 2009.